JAMS ARBITRATION TRIBUNAL
NEW YORK, NEW YORK

---

GARY GREENBERG, ART FUND III LLC, COLORADO ART HOLDINGS LLC, GB FUND LLC, LOANS ON FINE ART LLC, AND LOTUS INVESTMENT CORP.,

                            Claimants,

-against-

IAN S. PECK, ACG ARRANGEMENT SERVICES LLC, ACG CAPITAL COMPANY, LLC, MODERN ART SERVICES, LLC, PATRIOT CREDIT COMPANY LLC, AND PEGASUS CREDIT COMPANY LLC,

                            Respondents.

JAMS Ref No. 1425034873

**SUBPOENA DUCES TECUM**

Arbitrator:
Kenneth M. Kramer

---

TO:    Winston Art Group
           126 East 56th Street, 24th Floor
           New York, NY 10022

GREETINGS:

YOU ARE COMMANDED, all business and excuses being laid aside, to produce for examination on or before December 20, 2021, at Press Koral LLP, 641 Lexington Avenue, 13th Floor, New York, NY 10022, attorneys for Respondents Ian Peck, ACG Arrangement Services, ACG Capital Company, LLC, Modern Art Services, LLC, Patriot Credit Company LLC and Pegasus Credit Company LLC (collectively, "Respondents" or "ACG") in the above-referenced proceeding, any and all documents, books, papers and records in your possession, custody or control described in Schedule "A" attached hereto and made a part hereof.

-2-

PLEASE TAKE NOTICE THAT Respondents seek seeks information relevant to, among other things, the valuation of Portrait of a Nobleman, by Andrea Del Sarto, oil on canvas, 80 x 63 cm; 31.5 x 24.75 inches; ca. 1525.

Dated: December 13, 2021
      New York, New York

                           PRESS KORAL LLP

                           By: */s/ Matthew J. Press*
                           Matthew J. Press
                           641 Lexington Avenue, 13th Floor
                           New York, New York 10022
                           (212) 922-1111

                           *Attorneys for Respondents*

## SCHEDULE A

## DEFINITIONS

1.  "Claimants" or "Greenberg" shall mean Gary Greenberg, Art Fund III LLC, Colorado Art Holdings LLC, GB Fund LLC, Loans on Fine Art LLC and Lotus Investment Corp., and their officers, directors, partners, limited partners, members, employees or agents.

2.  "Respondents" or "ACG" shall mean Ian Peck, ACG Arrangement Services, ACG Capital Company, LLC, Modern Art Services, LLC, Patriot Credit Company LLC and Pegasus Credit Company LLC, and their officers, directors, partners, limited partners, members, employees or agents.

3.  The "Artwork" shall mean Portrait of a Nobleman, by Andrea Del Sarto, oil on canvas, 80 x 63 cm; 31.5 x 24.75 inches; ca. 1525.

4.  "Person" or "Persons" includes, without limitation, any natural person, or any business, legal or governmental entity or association, including without limitation corporations, partnerships, limited partnerships, and unincorporated associations.

5.  "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes any tangible source of information, regardless of how or by whom the information was prepared, produced, or reproduced, and regardless of its manner of representation, origin, or location, which is, as of the date of service of these Requests, in the possession or custody of, or in any way subject to the control of Defendants or Defendants' agents or representatives, including its attorneys.  "Document" means any written, recorded or graphic matter, whether in paper or electronic form, film, video, or any other media and includes but is not limited to:  email, written correspondence, papers, books, letters, statements of account, financial statements, balance sheets, profit and loss statements or other financial analyses, bills, invoices, checks, receipts, photographs, telegrams, cables, telex messages, memoranda, notes, notations,

transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, press releases, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms and other records kept by electronic and photographic or mechanical means, diskettes, hard disks, microfiches, and things similar to any of the foregoing however labeled or described.

6. "Communication" means the transmittal of information, whether received or not, and whether transmitted orally, in writing, or by any other means or medium, including, but not limited to, correspondence, memoranda, conversations, lectures, books, signs, photographs, pictures, graphics, notes, voice mail messages, or emails.

7. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

9. The terms "relating to," "related to," "concern" or "concerning" mean relating to, pertaining to, referring to, commenting on, responding to, containing, evidencing, showing, describing, analyzing, reflecting, recording, memorializing, mentioning, comprising, constituting, supporting, in connection with, or concerning, in any way, directly or indirectly.

10. The terms "all" and "each" shall be construed as all and each. The word "all" means "any and all"; the word "any" means "any and all." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that would otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa. The term "including" means "including, without limitation." The past tense of a verb includes the present tense and vice versa where the clear meaning is not destroyed by the change in tense. The masculine includes the feminine and neutral genders.

11. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of a noun or pronoun so used, and vice versa.

## INSTRUCTIONS

1. These Requests apply to all Documents within the possession, custody or control of Respondent and each of its respective attorneys, agents, affiliates, representatives, accountants, and employees.

2. Documents are to be produced as they are kept in the ordinary course of business. All Documents physically attached to each other when located for production must be left attached. Documents segregated or separated from other Documents, such as by placement in binders, files, subfiles, or dividers, marked with tabs, or by any other method, must be left segregated or separated. All labels or markings on any such binders, files, subfiles, or dividers, or tabs must be produced.

3. A request for Documents includes a request for any or all transmittal sheets, receipt confirmations, cover letters, exhibits, enclosures, and attachments in addition to the Document itself, without abbreviation or expurgation, and all drafts and non-identical copies of each Document.

4. Where a claim of privilege, work product, or other ground of nonproduction is asserted, Respondent must serve upon the undersigned attorneys a written list of the withheld Documents, by category, including the following information as to each category: the types of Documents (e.g., letters, memoranda, etc.); the general subject matter of the Documents; the dates of the Documents; such other information as is sufficient to identify the Documents, including authors, recipients, senders, indicated or blind copies, number of pages, and the paragraph of these requests to which such Document relates; and a statement of the ground or grounds upon which the Documents in each category are considered to be privileged from production.

5. If a Document is not provided in whole or in part because of an inability to do so or otherwise, Respondent must state why the information cannot be provided, describe the efforts undertaken to obtain the information, and identify each person who has information regarding the subject of the Document request.

6. If Respondent objects to production in response to a specific request, they shall state with particularity the basis for all objections with respect to such request.

7. If any Document was, but no longer is, in Respondent's possession or subject to Respondent's possession, custody, or control, state what disposition was made of it, by whom, the date or dates of such disposition, and the reasons for such disposition.

8. All Documents are to be produced in an orderly fashion, with bates numbers and appropriate markings or identification to enable the source of the Documents to be identified.

9. These requests are continuing in nature. If, after making initial responses, Respondent obtain or become aware of any further Documents responsive to the requests, Respondent are required to supplement their responses and provide such Documents.

-7-

## DOCUMENT REQUESTS

1. All prior appraisals or valuations of the Artwork by Winston Art Group, including but not limited to an appraisal issued in or about December 2019 for the benefit of a New York-based secured lender.

2. Copies of any court decision in any way concerning expert testimony by Dr. Timothy Hunter from January 1, 2016 to the present.

3. Copies of any deposition or trial transcript in which Dr. Timothy Hunter served as an expert witness on the valuation of artwork from January 1, 2016 to the present.

4. All Documents in the possession, custody or control of Winston Art Group or Dr. Timothy Hunter concerning, referring or relating to the performance of April 2020 Christie's auction.